Certain questions were suggested by me at the conclusion of the oral testimony.
The first question was whether there was any authority on the part of the township to build this road, in other words, whether the return of those commissioners, which directed as a part of their return that a portion of this road would be completed in approximately a year and the balance within two years, would be effective practically thirty years later. The supreme court, over a hundred years ago, held in State v. Salem Pleas,9 N.J. Law 246: "When a road has been laid out and the time for opening it has elapsed, it may be vacated. It is not necessary that it should be opened." Therefore, this road, as laid out, has been since that time a road, although never opened.
The second question is whether the township committee has any power under the authority of these proceedings to change the location of this road at all. Can they abandon a portion of their claimed rights and occupy such portion of the railroad property as they see fit?
It is manifest that if this road is built according to the return of the surveyor, it would not only pass upon the railroad property and its freight yard, but would cross its tracks. It needs no citation of law to state that this latter cannot be done without the approval of the board of public utility commissioners. This is admitted by both parties. This road, as laid out, crosses this same railroad at another point, and *Page 414 
upon application by the township for permission to construct the same across the tracks of the railroad company at that point, and after a hearing, such permission was granted. The township insists that it does not intend to cross the railroad tracks at the point now in dispute.
The testimony in this case developed a most unusual situation. The gathering of oysters by boat from the waters of Delaware bay and the shipment of the same from Maurice river, together with such business as the equipping and provisioning of the boats,c., is the only business conducted at this point. The railroad company owned by grant a strip of land along the Maurice river upon which it has built wharves, houses and other buildings thereon. They have also laid their main stem as well as other tracks along this tract of land. In some parts, if not in all of this land, before its actual use, it has been necessary to fill in the meadow land. There is no other business at this point. This freight business, it will be noticed, is entirely from the water front and none over the land. The passenger business on this road has been decreasing for a number of years, until at this time, by permission of the public utility commission, but one passenger train each way per day is scheduled. The freight business has likewise decreased.
The building of this road across the land of the complainant company is not for the purpose of giving the public access to the railroad as such, but is manifestly for the purpose of access to the wharves and oyster houses upon the land of the defendants. While the purpose for which this road is now constructed, or thebona fides, do not enter into this question, it is illuminating to the extent of explaining the railroad's position. Admitting, as we must, that this road cannot cross the tracks of the West Jersey and Seashore Railroad Company without the permission of the public utility commission, and that the company cannot be deprived of its freight yard unless clear authority is shown to exist permitting such deprivation (State; New York, Susquehannaand Western Railroad Co. v. Paterson, 61 N.J. Law 408), it is manifest that without further authority the township must *Page 415 
be restrained from entering upon such of the railroad's property as is used for railroad purposes. At the close of the hearing the railroad company suggested that it would, at its own expense, construct a passageway for pedestrians sufficient to give access for such from the termination of the road at the line of the company's property to the station platform.
This should be included in the decree which I will advise in accordance with these views.